# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN MURRAY, et al. )<br>on behalf of themselves and all )<br>other similarly situated individuals )<br>    Plaintiffs, )<br>  v. )<br>            )<br>TYSON FOODS, Inc. )<br>            )<br>    Defendant. ) | Case No. 08-4001 |

## ORDER

Before the Court is Defendant Tyson Foods' ("Tyson") Motion for Case Coordination. For the reasons set forth below, the Motion [#54] is DENIED.

## BACKGROUND

Tyson is the principal defendant in 10 actions in five states, brought under section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1] All actions involve allegations that Tyson failed to pay wages or overtime for the time Plaintiffs spent putting on and taking off sanitary and protective clothing at its beef and pork processing facilities. The Central District of Illinois, Rock Island Division, has one pending case, involving allegations arising from Tyson's Joslin, Illinois facility. Tyson's motion seeks (1) limited discovery and pretrial coordination of all 10 actions, (2)

---

[1] The cases are: *Acosta v. Tyson Foods, Inc.*, No. 8:08-C 1 V-00086 (D. Neb. filed Feb. 29, 2008); *Bouaphakeo v. Tyson Foods, Inc.*, No. 5:07-CV-04009 (N.D. Iowa filed Feb. 6, 2007); *Maxwell v. Tyson Foods, Inc.*, No. 1:08-CV-00017 (S.D. Iowa filed Apr. 29, 2008) (formerly *Brinseno Salazar v. Tyson Foods, Inc.*); *Carter v. Tyson Foods, Inc.*, No. 3:08-CV-00209 (N.D. Ind. filed Apr. 29, 2008); *Edwards v. Tyson Foods, Inc.*, No. 4:08-CV-00523 (S.D. Iowa filed Mar. 20, 2008); *Garcia v. Tyson Foods, Inc.*, No. 06-CV-2198 (D. Kan. filed May 15, 2006); *Gomez v. Tyson Foods, Inc.*, No. 8:08-CV-00021(D. Neb. filed Jan. 16, 2008); *Lopez v. Tyson Foods, Inc.*, No. 8:06-CV-00459 (D. Neb. filed June 30, 2006); *Murray v. Tyson Foods, Inc.*, No. 4:08-CV- 04001 (C.D. Ill. filed Jan. 2, 2008); *Robinson v. Tyson Foods, Inc.*, No. 3:07-CV-00088 (S.D. Iowa filed Sept. 12, 2007).

proposes that a magistrate judge from the United States District Court for the District of Iowa be appointed to hear and decide all discovery motions, and (3) requests appointment of a "liaison counsel" for the plaintiffs in each of the actions.

The Court directed Plaintiffs to file a Response to this Motion. Plaintiffs, represented by the proposed "liaison counsel," did not object to appointing liaison counsel and did not oppose case coordination as it relates to Tyson's headquarters' offices. Plaintiffs are opposed to coordination of discovery when it solely involves discovery issues that solely involve the Joslin, Illinois facility.

Months ago, the Judicial Panel on Multidistrict Litigation ("MDL Panel") denied Tyson's request to consolidate this case with the others pending around the country. *In Re: Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litigation,* MDL No. 1986 (Oct. 9, 2008). Specifically, the MDL Panel was "not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses and promote efficient conduct of this litigation." *Id.* It found "discovery is likely to be plant-specific and proceed on a plant-by-plant basis" and that any common questions of fact among these actions were not shown to be sufficiently complex and/or numerous to justify a transfer at this time. *Id.* However, the Panel encouraged Counsel in the actions to "avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings." *Id.*

Despite the fact that Plaintiffs neither object to limited case coordination nor appointment of counsel, the court finds no authority for defendant's proposal. The Court is not even sure that a Magistrate Judge in a different district would have jurisdiction to

manage discovery matters in a case that is not pending in that district. Further, the Court does not believe it has authority to select a liaison counsel on behalf of other plaintiffs whose actions are pending in different states. In addition, the defendant's identical motions in other jurisdictions have been opposed by plaintiffs, *see, e.g., Maxwell v. Tyson*, No. 1:08-cv-17 (S.D. Iowa), and rejected by other Courts, *see, e.g., Gomez v. Tyson,* No. 8:08-cv-00021 (D. Nebraska). Further, there has been no showing that the convenience of parties and witnesses will be served by Tyson's proposal or that duplication cannot be minimized through other means, chiefly, stipulation of the parties. Tyson has not presented any additional facts or evidence to justify relief that was rejected by the MDL Panel and the MDL Panel's ruling remains the law of the case.

## CONCLUSION

For the reasons set forth herein, Tyson's Motion for Case Coordination [#54] is DENIED. This case is referred to the Magistrate for pretrial matters.

ENTERED this 24th day of June, 2009.

                                         s/ Michael M. Mihm
                                         Michael M. Mihm
                                         United States District Judge