UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

John Murray, et al,            )
                Plaintiff      )
                               )
        v.                     )                Case No. 08-4001
                               )
Tyson Foods, Inc.,             )
                Defendant      )

## ORDER

Now before the Court is Defendant's motion for a protective order, limiting the scope of the Plaintiff's Rule 30(b)(6) deposition. For the following reasons, the motion is GRANTED. Also before the Court is the parties' joint motion (#68) to extend the deadline for filing dispositive motions. That motion is also GRANTED.

## BACKGROUND

Plaintiffs filed a three count Complaint against defendant, alleging that they and others employed at the Defendant's Joslin, Illinois plant had not been paid all wages due to them under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and federal Fair Labor Standards Act (FLSA). The caption of the Complaint designated as plaintiffs the following: "John Murray, Diokel Gning, Carol Ndao, Jose J. Sanchez, Daniel Denato and Denise Goodrich on behalf of themselves and all other similarly situated individuals. The Complaint itself was titled "Original Class Action Complaint," and the Civil Cover Sheet prepared by plaintiffs' counsel and filed with the complaint indicated that the case was a "class action under FRCP 23." The Complaint contained a section titled "Class Action Allegations" (p.4). The two state law claims were captioned as class action claims ("All Class Members v. Tyson"). The federal FLSA claim was captioned "All Named

Plaintiffs v. Tyson"; it sought relief on behalf of the six named plaintiffs only. See Complaint, Doc. #1.

Defendant filed a motion to dismiss, but before that motion was resolved, the case was stayed pending a decision whether the case would proceed as Multi-District Litigation before the MDL Panel. The MDL denied transfer of the case. This Court then granted in part and denied in part the motion to dismiss. See Order (#31) of Oct. 31, 2008. Despite the Court's denial of the motion to dismiss the state claims on preemption grounds, defendant was encouraged to file a prompt motion for summary judgment if there was a collective bargaining agreement that applied to the issues in the case, a fact that was not plead in the Complaint.

Tyson did so, moving for partial summary judgment on preemption grounds, arguing that the state law claims were preempted by the LMRA and the collective bargaining agreement that bound the putative class members. That motion was granted. See Order (#49) of February 9, 2009. In its Order, the Court noted that its substantive ruling eliminated all class action issues, because the remaining FLSA claim was plead on behalf of the six named plaintiffs only. The motion to certify the class was therefore mooted. Id.

The parties then jointly filed an agreed proposed schedule, setting the close of discovery on January 15, 2010, and the filing of dispositive motions by February 22, 2010. No part of that proposed schedule included any reference to or time for briefing a motion for "collective action" treatment under the FLSA.. The Court adopted that schedule. (See Minutes March 12, 2009).     The case proceeded through discovery. On January 12, 2010, three days before the close of discovery, plaintiffs served on defendant a notice of Rule 30(b)(6) deposition. The notice includes 15 separate topics seeking expansive information, including but not limited to:

 1. information about all employees at defendant's Joslin, Illinois plant, including information about "all" policies, practices and procedures relating to the "type of work" payment of wages, overtime, and hours worked at the plant;
 2. knowledge of how many hours per week production employees have worked on average since 2005;
 3. the types of safety items worn by employees at the plant;
 4. knowledge of the production areas, departments, and staffing levels throughout the plant;
 5. practices of individual supervisors.

 Defendants served objections to this Notice, as relevant here asserting that each topic was over broad, unduly burdensome, and unlikely to lead to discovery of admissible evidence to the extent the topic sought information about employees other than the six named plaintiffs during the limitations period. Plaintiffs challenged the objections by letter dated January 12, 2010, asserting that the filing of 1474 opt-in consent forms earlier in the case (i.e. before the Order mooting the class certification motion) had, by operation of law, created a collective action under FLSA, regardless of the way the complaint had plead the FLSA claim. This motion followed.

## DISCUSSION

 FLSA provides in pertinent part for a private right of action against an employer who violates the provisions of the statute. Such action may be brought:

> by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

28 U.S.C. § 216(b).

 An action brought "for and in behalf" of other similarly situated employees under this section is referred to as a "collective action" or a "representative action." See, Harkins v. Riverboat Services, Inc., 385 F.3d 1099, 1101 (7th Cir. 2004).

 The statute itself does not set forth the procedures for collective actions, and courts have identified three methods. See Gayle v. U.S., 85 Fed. Cl.72 (Fed. Cl. 2008); Briggs v. U.S., 54 F3d.Cl.

205, 206 (Fed. Cl. 2002). The first approach is a two-step ad hoc approach. See, e.g., Cameron-Grant v. Maxim Healthcare Servs., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The second involves incorporation of the provisions of Rule 23 class actions. Thiessen v. GE Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001). The last incorporates the "spurious class action" recognized before 1966 under Rule 23, due to the Advisory Committee's statement that the 1966 amendments to Rule 23 did not apply to FLSA collective actions. Chase v. AIMCO Props., L.P., 374 . 2d 196, 199 (D. D.C. 2005). The vast majority of courts have embraced the two step approach to deciding whether certification as a collective action is appropriate. Gayle, 85 Fed. Cl. at 77.

The Seventh Circuit has not expressly adopted the two-tier approach. See Shiner v. Select Comfort Corp., - F. Supp.2d-, 2009 WL 4884166, Dec. 9, 2009 (N.D.Ill.). It has, however, rejected any notion that Rule 23 governs. See, Harkins, 385 F.3d at 1101 (collective action under § 216 is not the same as a class action under Fed.R.Civ.P. 23). Among other differences, a collective action under FLSA requires that an employee who wants to be included as a plaintiff must opt into the action, whereas in a class action, all similarly situated persons are included in the class unless they opt out of the action. Harkins, 385 F.3d at 1101.

Within the majority using the two tier approach are district courts within the Seventh Circuit. See, North v. Bd. of Trustees of Il. State Univ., - F. Supp. 2d -, 2009 WL 3769907 *2, Nov. 9, 2009 (C.D. Ill)(Cudmore, J)(collecting cases). I find the majority view persuasive and therefore will use the two step approach to review what has happened to date in this case.

In Briggs, the Court described the two step approach as follows. During the first step, the court uses pleadings and affidavits to determine whether to certify a class on a conditional basis. 54 Fed. l. at 206; see Hipp, 252 F.3d 1208, 1218 (11th Cir. 2001). The burden is on the plaintiff to make at least a modest evidentiary showing that collective action is appropriate before notice is issued or class

is conditionally certified. Shiner, 2009 WL 4884166 at *2 (collecting cases). Accord, Briggs, 54 Fed. Cl. at 206; Gayle 85 Fed. Cl. at 78; Dybach v. Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir. 1991)(court must satisfy itself that there are other employees who are similarly situated, and then has discretion to establish specific procedures for opting in); Dernovish v. AT&T Operations, Inc., - F. Supp. 2d - , 2010 WL 143692, *1, Jan. 12, 2010 (W.D. Mo.)(plaintiff's burden at first stage is "not onerous" but plaintiff must produce some evidence to demonstrate that potential plaintiffs are similar in important respects and subjected to similar policies or circumstances); Craig v. RiteAid Corp., - F. Supp. 2d -, 2009 WL 4723286 *2, Dec. 9, 2009 (M.D. Pa.)(plaintiff's burden is relatively light but a modest factual showing is required); Smith v. Fran Tech Svcs., Ltd., - F. Supp. 2d -, 2009 WL 4251017 *4, Nov. 24, 2009 (E.D. Ark.)(modest factual showing required); Becker v. Southern Soils, - F. Supp. 2d -, 2006 WL 3359687, Nov. 20, 2006 (M.D. Fla.)(named plaintiff must establish that the potential plaintiffs are similarly situated). Although the initial showing is modest, certification has been denied in a number of circumstances, not the least of which is putative plaintiffs whose similarity can only be determined by a "fact-intensive inquiry" into their job situation. Smith, 2006 WL at *4.

With or subsequent to conditional certification[1] of a class, potential class members are given notice and the opportunity to opt in. Briggs, 54 Fed. Cl .at 206; Gayle 85 Fed. Cl. at 78. The second step, usually following a defense motion, involves a court decision whether the opt in plaintiffs are in reality similarly situated. If not, the class is decertified and the plaintiffs are dismissed without

---

[1] The FLSA contains no provision expressly authorizing notice, but the Supreme Court has held that district courts have discretion to authorize it. Hoffmann-Laroche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989)(construing § 216 in context of ADEA lawsuit). A determination of whether notice should issue normally is made with the determination of conditional certification. See, Hintergerger v. Catholic Health System, - F. Supp. 2d - , 2009 WL 3463134*3, Oct. 21, 2009 (W.D. N.Y.).

prejudice. If so, the case proceeds to trial as a collective action. Briggs, 54 Fed. Cl. at 206; Gayle 85 Fed. Cl. at 78.

In Harkins, supra, 21 plaintiffs filed suit under FLSA, alleging that they had not been paid overtime. Fourteen of those plaintiffs also claimed that they were fired in retaliation for making overtime claims, another violation of FLSA. The district court dismissed the overtime claims of 18 of the 21 plaintiffs because they had not filed written consents to join the suit. The remainder of the case - 3 overtime claims and 14 retaliation claims - went to trial. The jury awarded a verdict for the defendant on all claims, and all 21 plaintiffs appealed.

On appeal, the Seventh Circuit first noted the unambiguous requirement of the statute: written consents must be filed in order to join a suit under FLSA, regardless of whether they had been named as plaintiffs and regardless of whether they had participated in discovery. 385 F.3d at 1101. The Court went on to note the "special oddity" of the case: if it had not been filed as a collective action, the requirement of written consent would not have applied. Id. at 1101-02. This statutory quirk is what allowed the retaliation claims to go forward: they had *not* been plead as collective actions, and during the entire pendency of the case plaintiff's counsel had made no effort at all to convert the individual claims to a collective action. Id. at 1102.

In Tate v. Showboat Marina Casino, - F. Supp. 2d - , 2002 WL 31443124, Oct. 31, 2002 (N.D.Ill.), the court struck purported consents to join an FLSA lawsuit. Plaintiff filed a motion to reconsider that order. The original complaint had named a single plaintiff, but alleged that the suit was brought "as a representative action...on behalf of the plaintiff and other employees similarly situated." Plaintiff then filed an amended complaint, naming seventeen plaintiffs but dropping any express reference to a representative action. This amended complaint, however, did state that "plaintiffs and other members of the Marine Department" were entitled to but not paid overtime. Several days after

6

filing the amended complaint, plaintiffs filed several individual consents and a mass consent to join the lawsuit. Plaintiff then filed a motion for leave to file a second amended complaint, which would name the original individual plaintiff and 28 other named plaintiffs, and which alleged that it was brought "as a collective action by the named plaintiffs on behalf of themselves and all other employees similarly situated." While the motion for leave to file was pending, plaintiffs continued to file additional consents. The motion for leave was granted, and more consents were filed. Defendants moved to strike the mass consent, arguing that each individual proposed plaintiff was required to sign and file an individual consent form. The motion to strike was denied as to two plaintiffs who had also filed individual consents, but was granted as to the others named in the mass consent form (referred to hereafter as Proposed Plaintiffs).

In the motion to reconsider, Plaintiffs asserted that no consent form was required as to the Proposed Plaintiffs because when they joined the lawsuit it was styled a multi-party joint action under Fed.R.Civ.P. 20[2], not a representative action under § 216. The Court agreed with the general distinction between the two types of actions and as to the assertion that written consents are not required in a Rule 20 action. Id. at *3, citing Bonilla v. Las Vegas Cigar Co., 61 F. Supp.2d 1129, 1133 (D. Nev.1999); Morelock v. NCR Corp., 586 F.2d 1096, 1103 (6th Cir. 1978) and Deley v. Atlantic Box & Lumber corp., 119 F. Supp. 727, 728 (D. N.J. 1954).

The issue was whether the first amended complaint (which omitted the "representative" language") converted the lawsuit temporarily (i.e. until the second amended complaint was filed, restating that language) into a Rule 20 action rather than a § 216 collective action. The Court first

---

[2]Rule 20 provides that persons may join as plaintiffs in one action if the assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence, and there is a question of law or fact common to all plaintiffs. Fed.R.Civ.P. 20(a)(1).

noted that the continuous filing of opt ins "would be meaningless unless the case involved a representative action." Moreover, at best, the first amended complaint was ambiguous about whether it was meant to remain a representative action. These two facts taken together led the Court to conclude that the case was and always had been a representative action, requiring written consents from anyone desiring to join the litigation.

In Allen v. Atlantic Richfield Co., 724 F.2d 1131 (5th Cir. 1984), several employees filed suit to recover unpaid overtime pay. The complaint stated that the 22 named plaintiffs sought to represent other similarly situated employees, but no consents or opt ins were ever filed. The court held that the suit "never evolved into a collective or class action;" it was simply a Rule 20 suit. This holding enabled the Court to go forward with the case as 22 individual claims for damages.

Like Allen, this case has never evolved into a representative or collective action, due solely to inaction on the part of the Plaintiffs. Unlike Tate, the FLSA claim in this case was never filed as a representative action; it was always a Rule 20 action. Although Harkins was in a different procedural posture than the case before this Court, the underpinning of Harkins applies equally in this case: there is a significant difference between pleading a collective action case and pleading an individual claim. In this case, that difference proves fatal for Plaintiffs' collective action.

While under some circumstances the filing of numerous consents might trigger the realization that Plaintiffs intend a case to be a collective action, those circumstances are not present in this case. Here, the Plaintiffs initially sought a Rule 23 class action for their 2 state law claims. They filed a motion for class certification. When their claims failed on preemption grounds, the motion for certification was mooted. No response at all came from Plaintiffs suggesting that the remaining claim - explicitly pled as an individual claim under FLSA - might be expanded in scope to a collective action. No motion to certify a collective class of plaintiffs (or any other pleading expressly stating that intent)

has ever been filed. As a result, there has been no finding that the potential "opt ins" are similarly situated. We know absolutely nothing about the 1474 opt ins beyond the fact that they want to join this lawsuit. That is simply not enough to allow the Plaintiffs to proceed with a deposition the scope of which can only be justified in a collective action.

In the absence of a complaint containing a representative claim and/or a motion to certify a collective class of Plaintiffs, the already-filed consents are legally without meaning, just as they would be if there had been a motion to certify that the Court denied. Simply filing them does nothing unless procedures are followed and the prerequisites are in place. As noted above, it was not until some 10 months after the Court's Order and only 1 month before the close of discovery that Plaintiffs did anything at all that might have raised a red flag about their intent. And even then, all that happened was the filing of more legally meaningless consents. Even when the Rule 30(b)(6) Notice was sent 3 days before discovery closed, there was no explicit indication that the deposition was intended to be taken for a collective group of plaintiffs.

Only by virtue of Defendant's objection to the scope of that deposition did Plaintiffs finally mention that they believed this was a collective action. One must wonder what would have happened had Defendants simply gone forward with the deposition; when did Plaintiffs think it incumbent on them to notify the Court and opposing counsel of this sea-change in legal theory. Waiting until the waning days of discovery to spring this surprise on defense counsel and on the court is consistent with neither the letter nor the spirit of FLSA or the Federal Rules of Civil Procedure.

It may have been a wise course of action[3] for Defendant to move to strike the consents. Defendant's failure to do so, however, does not somehow correct Plaintiffs' failure to take action that the statute and case law clearly expected them to do if they wanted to proceed in a collective action. This Court had already characterized this case as an individual action at least twice. If Plaintiffs felt that was inaccurate, they should have taken some affirmative action.

Likewise, Defendant may have been able to anticipate that Plaintiffs might move to amend their complaint to convert it to a collective action; such anticipation, however, does not change the fact that Plaintiffs never did so. They proceeded through the Rule 16 scheduling conference without seeking time for briefing "similarly situated" issues, and nearly the end of discovery was reached without any suggestion by document request or deposition that the case involved more than the six named Plaintiffs. Plaintiffs either hid their true intent from Defendant and from the Court, or they themselves did not understand §216 until late in the game. Either way, they cannot benefit at the expense of the Defendants in this way.

None of the cases cited by Plaintiffs even remotely suggests that the filing of opt ins changes, by operation of law alone, an individual action to a collective action. Such a change takes a showing by the plaintiff and approval by the Court. The effort made in this case falls far short. Accordingly, I conclude that the FLSA action is brought on behalf of the named Plaintiffs only. There is no collective action in this case. Because of that conclusion, I also conclude that the scope of the 30(b)(6) Deposition Notice is far too broad, and the motion for protective order is therefore GRANTED.

---

[3] It was certainly not, however, a required course of action. As one court has stated, The notice of consent provision is "not viewed as a legislative effort to eliminate normal procedural rules governing joinder." Canfield v. U.S., 14 Cl. Ct. 687, 690 (Cl. Ct. 1988).

The parties have also filed a motion (#68) seeking an extension of the dispositive motion deadline. The schedule in this case concluded discovery on January 15, 2010, with dispositive motions due on February 22. Obviously, those dates must be adjusted, and the motion is GRANTED.

CONCLUSION

For the reasons stated herein, the motion for protective order [#64] is granted, and the motion to extend the dispositive motion deadline [#68] is granted.

Plaintiffs are given until April 1, 2010, to take a Rule 30(b)(6) deposition of a Tyson employee that is consistent with this Order. The Notice of the Rule 30(b)(6) deposition shall be served within 14 days of the date of this Order. All other discovery is concluded.

The deadline for filing dispositive motions is extended to May 3, 2010. The current dates (June 18 and July 26, 2010) for the final pretrial conference and jury trial are VACATED. This case is set for a supplemental scheduling conference to set new dates for the final pretrial and jury trial. The conference will be held by telephone on March 11, 2010 at 10:30 a.m.

ENTERED ON February 24, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE